
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELISHA L SALCHENBERG,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>  Defendant - Appellee. | No. 12-35389<br><br>D.C. No. 3:11-cv-05587-KLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted July 12, 2013[**]
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

Felisha Salchenberg appeals the district court's decision affirming an

Administrative Law Judge's ("ALJ's") denial of her application for Social Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability insurance benefits and Supplemental Security Income. We review de novo, and "disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation marks omitted). We affirm the district court.

I.

The ALJ provided "specific, clear and convincing" reasons, supported by substantial evidence, for finding that Salchenberg's statements about her symptoms were not fully credible. Id. at 1039 (quotation marks omitted). Evidence supported the ALJ's finding that Salchenberg exaggerated the effect of her tremors. Salchenberg reported in August 2007 that she no longer had a tremor, and some of her medical records that might reasonably be expected to contain references to tremors did not. The ALJ also properly found that "[c]ontrary to her assertions in her disability application, the claimant has reported improvement of her [mental health] symptoms." Salchenberg's medical records show that she reported improvement in her mental health symptoms at various times in 2008 and 2009. "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably

2

drawn from the record." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Even if we were to assume that some of the ALJ's other reasons for discounting Salchenberg's credibility were inadequately supported, those errors would be harmless. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

## II.

The ALJ gave "specific and legitimate reasons that are supported by substantial evidence" for giving little weight to the opinions of Dr. Alvord and Dr. Ragonesi, Salchenberg's examining psychologists. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); see also Widmark v. Barnhart, 454 F.3d 1063, 1066–67 (9th Cir. 2006) (holding that the "specific and legitimate" standard applies where there is a conflict between the opinion of an examining physician and that of a reviewing physician).

The ALJ placed little weight on Dr. Alvord's report in part because "[Salchenberg's] self-reported symptoms appear to be the basis for Dr. Alvord's opined limitations. However, his observations do not match his opined

3

limitations." The ALJ outlined specific inconsistencies between Salchenberg's description of her symptoms and Dr. Alvord's clinical assessment and observations. These were specific and legitimate reasons to discount Dr. Alvord's opinion. See Tommasetti, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.") (quotation marks omitted); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (stating that the ALJ is responsible for "[d]etermining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [claimant's doctors] . . . ."). Ryan v. Commissioner of Social Security, 528 F.3d 1194 (9th Cir. 2008), is inapposite. Ryan holds that "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." Id. at 1199–1200. Here, however, Dr. Alvord did not support his opinion with his own observations.

The ALJ placed little weight on Dr. Ragonesi's opinion for similar reasons. The ALJ found that Dr. Ragonesi's opinion was based in large part upon

4

Salchenberg's self-reported symptoms, and that Dr. Ragonesi's report contained internal inconsistencies. These findings are specific and legitimate reasons to discount Dr. Ragonesi's opinion. If any of the ALJ's other reasons for rejecting Dr. Alvord and Dr. Ragonesi's opinions were error, they were harmless. See Molina, 674 F.3d at 1111, 1115.

III.

Substantial evidence supports the ALJ's determination that Dr. Peterson's "low-pressure" work limitation was based on Salchenberg's subjective complaint that she was unable to tolerate the stress of employment. The ALJ was thus not required to include a "low-pressure" work limitation in her residual functional capacity determination. See Bayliss, 427 F.3d at 1217.

The decision of the district court is AFFIRMED.